### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MELVIN OLIVER,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF MARYLAND, et al.,<br><br>    Defendants. | Civil Action No.:  SAG-23-3550 |

### MEMORANDUM

Self-represented Petitioner Melvin Oliver filed the above-captioned Petition for Writ of Habeas Corpus on December 29, 2023, seeking his immediate release from custody.  ECF No. 1.  Oliver did not pay the filing fee nor did he file a motion to proceed in forma pauperis seeking its waiver.  However, Oliver will not be required to correct this deficiency because, for the reasons that follow, the Petition must be dismissed.

Oliver is a pretrial detainee who is currently incarcerated at Metropolitan Transition Center without bail. ECF No. 1 at 2.  Oliver states that he was arrested and charged on May 24, 2023, for multiple counts of first and second-degree assault, reckless endangerment, and illegal ammo in the Maryland District Court for Baltimore City, case number 4B0247259.  *Id.* at 3.  Oliver was denied bail on May 26, 2023; he requested a preliminary hearing, which was scheduled for June 27, 2023.  *Id.*  He was denied bail again during a bail review hearing on May 30, 2023.  *Id.* at 3-4.  Oliver claims he was denied his preliminary hearing because he was indicted in the Circuit Court for Baltimore City, case number 123178018, a week prior to the hearing.  *Id.* at 4.  Oliver complains that he was never notified that he was being indicted and that his preliminary hearing would be cancelled.  *Id.* at 5.  He asserts that Respondents violated Maryland Rule 4-221.  *Id.* at 4, 5, 6.

Following his indictment, Oliver asserts that he was not afforded an arraignment in violation of Maryland Rule 4-213. ECF No. 1 at 6-7. He states that on November 13, 2023, his right to an arraignment was denied because the arraignment was cancelled and a trial date was scheduled for August 24, 2024. *Id.* at 7-8. Oliver asserts that because his trial date was over nine months away, his right to be tried within 180 days was denied in violation of the Fifth Amendment, Maryland Rule 4-271, and *Hicks v. State*, 285 Md. 310 (1979). *Id.* at 8-9. Oliver seeks his immediate release from custody. *Id.* at 12.

"Pretrial federal habeas relief is available under § 2241 if the petitioner is in custody, has exhausted state court remedies, and 'special circumstances' exist that justify intervention by the federal court." *Brazell v. Boyd*, 991 F.2d 787 (Table) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224-26 (5th Cir. 1987)). Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial on the merits or by other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489-90 (1973). The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973).

Special circumstances justifying this Court's intervention do not exist where there are procedures in place to protect a petitioner's constitutional rights. *Brazell*, 991 F.2d 787 (citing *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975)) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); *Drayton v. Hayes*, 589 F.2d 117, 120-21 (2d Cir. 1979)

(double jeopardy claim justified pretrial federal habeas intervention, because constitutional right claimed would be violated if petitioner went to trial); *see also Younger v. Harris*, 401 U.S. 37 (1971). The Petition does not demonstrate that Oliver has exhausted any of his claims in state court. Oliver submits a copy of the circuit court docket showing that he was found incompetent to stand trial on August 23, 2023.[1] ECF No. 1-3. Also relevant, the state court docket shows that the event scheduled for August 28, 2024, is a hearing rather than a trial. *See Maryland v. Oliver*, Case No. 123178018 (Balt. City Cir. Ct. 2024) https://casesearch.courts.state.md.us/casesearch/ (last visited Feb. 13, 2024). As Oliver's constitutional claims may be litigated in the context of his state criminal case without harm to his constitutional rights, the Court will abstain from exercising jurisdiction so that they may be exhausted before the state court.

Specifically, as to Oliver's claims that the *Hicks* deadline expired and he was denied an arraignment and preliminary hearing, he fails to state cognizable grounds for relief. Under Maryland law there is a requirement that the prosecution bring a defendant to trial within 180-days of the appointment of counsel or the appearance of counsel unless a postponement for good cause shown is granted by the trial court. *See* Md. Rule 4-271(a)(1); *Hicks v. State*, 285 Md. 310 (1979). The assertion that Maryland's 180-day requirement has been violated does not implicate Oliver's Sixth Amendment right to a speedy trial. Assuming the alleged violations occurred, they are not cognizable claims for federal habeas corpus relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id*. at 68. Thus, Oliver's state law claims are not cognizable.

---

[1] Maryland law allows a criminal defendant to appeal an incompetency determination. *See Jolley v. State*, 384 A.2d 91, 94 (Md. 1978) *see also* Md. Health Gen. Code Ann., § 10-804; Md. Cts & Jud. Proc., Code Ann. § 3-704.

Oliver's Petition, having failed to show that special circumstances exist for the Court to intervene in the ongoing state criminal proceedings, will be dismissed without prejudice. A separate Order follows.

_____                                       _____
Date:  February 14, 2024                                _____/s/_____
                                                                         Stephanie A. Gallagher
                                                                         United States District Judge